**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIK LANGHAM, | No. 24-7233 |
| Plaintiff - Appellee, | D.C. No. 4:22-cv-06078-YGR |
| v. | |
| ELMORE SPENCER, in their individual capacity; JUJHAR SINGH, in their individual capacity, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| CITY OF UNION CITY, in their official capacity, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 10, 2025[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Elmore Spencer and Jujhar Singh (collectively, the "Officers"), police officers with the Union City Police Department, appeal the district court's denial of summary judgment on their claims for qualified immunity. Malik Langham, proceeding pro se, asserted 42 U.S.C. § 1983 claims against the Officers for violating his Fourth Amendment rights by impounding his vehicle and conducting an inventory search. We review de novo the district court's denial of qualified immunity at summary judgment, *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 970 (9th Cir. 2005), and we dismiss in part and affirm in part.

1.      We lack jurisdiction to review the district court's determination that there are genuine disputes of material fact as to whether the Officers violated Langham's Fourth Amendment rights. *See Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). The district court identified portions of the body camera footage and the inventory list and determined that this evidence was sufficient to undercut the Officers' declarations. As such, the district court concluded that a reasonable jury could find that the car did not need protection and was not parked in a hazardous manner, and that the Officers had a purely investigatory motive for the inventory search. We "may not reweigh the evidence to evaluate whether the district court properly determined there was a genuine issue of material fact . . . ."

*Foster v. City of Indio*, 908 F.3d 1204, 1213 (9th Cir. 2018). Because the Officers' argument that their conduct did not violate a constitutional right turns on "whether there is enough evidence in the record for a jury to conclude that certain facts are true," we dismiss their appeal of this portion of the district court's ruling. *Est. of Anderson*, 985 F.3d at 734.

2.      We have jurisdiction under 28 U.S.C. § 1291 to resolve the legal question of whether the Officers' alleged conduct violated Langham's clearly established rights because the collateral order doctrine permits interlocutory appeal of "any portion of a summary judgment order that turns on the application of clearly established law to a given (for appellate purposes undisputed) set of facts." *Id.* at 731 (citation modified).

First, Langham satisfied his burden of showing that the rights allegedly violated were clearly established. *See Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019). Under the Fourth Amendment, the community caretaking doctrine does not justify impoundment when an unlicensed driver is not arrested; the car is parked in a location that does not require protection or create a hazard to other drivers; and the officer did not consider whether the driver can provide for the car's removal before impounding it. *See Miranda v. City of Cornelius*, 429 F.3d 858, 864–66 (9th Cir. 2005). Viewing the evidence and drawing inferences in favor of Langham, *Tolan v. Cotton*, 572 U.S. 650, 656–57

(2014) (per curiam), a reasonable officer would have understood that the circumstances did not justify impounding Langham's car. Specifically, Langham was not arrested; he parked his car in the shopping center parking lot, during the daytime, to buy groceries; and no consideration was given to Langham's request that Officer Spencer allow a licensed driver to bring the car's assigned plates and pick up the car. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

Second, it was also clearly established that an inventory search cannot be justified by an unlawful impoundment. *United States v. Caseres*, 533 F.3d 1064, 1705 (9th Cir. 2008). And even if the car was lawfully impounded, an inventory search "must not be a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990). Police officers must follow a standard policy that prevents inventory searches from becoming a "general means of discovering evidence of crime," *id.* (citation modified), and in following such a policy, they must not "act in bad faith or for the sole purpose of investigation," *Colorado v. Bertine*, 479 U.S. 367, 372 (1987) (citation modified). Statements by the officers "directly admitting" that they searched a car "to gather evidence of a suspected crime (and not to further . . . permissible caretaking motives) are sufficient to conclude that the warrantless search of the car was

unreasonable" and solely for investigatory purposes. *United States v. Johnson*, 889 F.3d 1120, 1127–28 (9th Cir. 2018) (citation modified). Viewing the evidence and drawing inferences in favor of Langham, *Tolan*, 572 U.S. at 656–57, a reasonable officer would have understood that searching Langham's car for the sole purpose of finding an illegal firearm violates the Fourth Amendment and is not justified under the inventory search exception. The Officers submit narrow questions to contour the rights at issue, but we are not permitted to define a case's "context in a manner that imports genuinely disputed facts." *Id.* at 657 (citation modified). We therefore affirm the district court's denial of qualified immunity on clearly established grounds.

**DISMISSED IN PART AND AFFIRMED IN PART.**

*Langham v. Spencer, et al.*, No. 24-7233
BUMATAY, Circuit Judge, dissenting in part:

Because Officer Elmore Spencer is entitled to qualified immunity for towing Malik Langham's unlicensed car, I respectfully dissent in part. I otherwise join the majority decision.

The towing of Langham's vehicle was not a violation of the Fourth Amendment. While warrantless searches and seizures are "per se unreasonable," *United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir. 2001), Officer Spencer demonstrated that impoundment served a "community caretaking function" and was thus reasonable. *United States v. Caseres,* 533 F.3d 1064, 1074 (9th Cir. 2008); *South Dakota v. Opperman*, 428 U.S. 364 (1976). The community care taking exception allows officers to impound a vehicle when a person would be "unable to remove the vehicle from a public location without continuing its illegal operation." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005).

Here, construing all inferences in Langham's favor, his car had no valid licenses plates, registration tags, and had its windows tinted so dark the officer couldn't see inside. It had two fake plates which read "PR1V4T3" in large white lettering, and "DOT EXEMPT" and "FOR NON-COMMERCIAL USE ONLY" in smaller white lettering. When Officer Spencer ran the records, he found that a California license plate had been issued to the vehicle, but those plates were not on

the car. So Langham's car could not be legally driven, either by him or any other licensed driver; thus, it could not remain where it was.

While the district court relied on *United States v. Cervantes* 703 F.3d 1135 (9th Cir. 2012) to show that impoundment of an unlicensed driver's car is not per se constitutional, there are key differences that highlight towing Langham's vehicle served the community caretaking exception. The car in *Cervantes* was pulled over on the curb of a residential neighborhood, while Langham's was parked on private property that he didn't own. *Id.* at 1141–42. The parking lot's entrance read: "PRIVATE PROPERTY" "PRIOR WRITTEN PERMISSION MUST BE OBTAINED FROM THE PROPERTY MANAGEMENT OFFICE TO USE THIS PROPERTY OR ANY ACTIVITIES OTHER THAN SHOPPING." Langham's car couldn't simply remain in the grocery store's parking lot. And unlike *Cervantes*, Langham's car could not be legally operated even by another driver. As we've said, the community caretaking function exists to "prevent future unlawful operation" of a vehicle. *Caseres*, 533 F.3d at 1075.

Thus, even in the light most favorable to Langham, no constitutional violation occurred in the towing of his car.